IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 4, 2022

**STATE OF TENNESSEE v. S.L.**

**Appeal from the Circuit Court for Blount County**
**No. C-25156 Tammy M. Harrington, Judge**

_____

**No. E2021-00418-COA-R3-JV**

_____

A juvenile was adjudicated delinquent in juvenile court, as well as circuit court on de novo appeal, for rape of a child and incest. On appeal to this Court, the juvenile argues that the evidence was insufficient to prove that he committed those offenses. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and THOMAS R. FRIERSON II, J., joined.

Lance A. Evans, Maryville, Tennessee, for the appellant, S.L.

Herbert H. Slatery III, Attorney General and Reporter, Andrée Sophia Blumstein, Solicitor General, and Courtney N. Orr, Senior Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.**

S.L. and Jane Doe[1] are half-siblings, both adopted by the same family. They shared a bedroom because of a mold issue in the home. On July 15, 2016, Jane told her mother that S.L. raped her in his bed the night before. She was nine years old. S.L. was seventeen.

---

[1] We have used a pseudonym for the minor victim to protect her anonymity.

Jane's mother called 911, and she and Jane met law enforcement at Children's Hospital. Jane's mother spoke with Detective Douglas Folmar while Dr. Lise Christensen examined Jane. Dr. Christensen also obtained oral, vaginal, and rectal swabs from Jane.

After speaking with Jane's mother, Detective Folmar interviewed S.L., then went to the scene to investigate and collect evidence. He collected the pair of underwear and shorts Jane was wearing the night of the alleged incident, as well as S.L.'s pillows and comforter. He also collected one of S.L.'s sweatshirts.

The next day, Jane gave an interview at New Hope Children's Advocacy Center with Detective Folmar present, where she detailed what S.L. allegedly did to her. S.L. was then charged in juvenile court with being delinquent for committing rape of a child and incest. The juvenile court found beyond a reasonable doubt that S.L. committed those offenses. So the court adjudicated him a delinquent child.

S.L. appealed to circuit court for a trial de novo. *State v. S.L.*, No. E2019-01268-COA-R3-CV, 2020 WL 1303732, at *1 (Tenn. Ct. App. Mar. 18, 2020). But neither he nor the circuit court set the matter for trial for nearly two years. *Id.* The State filed a motion to dismiss for failure to prosecute, which the circuit court granted. *Id.* This Court reversed, holding that the circuit court had the duty to set the case for hearing. *Id.* at *2.

On remand, the circuit court held a de novo trial. Jane testified that S.L. put his penis in her vagina, mouth, and "bottom." Dr. Christensen detailed injuries to Jane's vagina and rectum that she observed during her examination of Jane. S.L. insisted that he did not "have any kind of sex of any nature whatsoever with [his] sister."

After trial, the circuit court found beyond a reasonable doubt that S.L. committed rape of a child and incest. The court adjudicated him a delinquent child.

## II.

A "delinquent child" is "a child who has committed a delinquent act." Tenn. Code Ann. § 37-1-102(b)(11) (Supp. 2016). And a "delinquent act" is "an act designated a crime under the law." *Id.* § 37-1-102(b)(10). The juvenile and circuit courts found that S.L. committed the crimes of rape of a child and incest and, thus, adjudicated him a delinquent child.

An adjudication of delinquency requires proof beyond a reasonable doubt. *See id.* § 37-5-103(2) (2014) ("Adjudication of delinquency" means "that a juvenile court has found beyond a reasonable doubt that a child has committed a delinquent act."); *see also In re Winship*, 397 U.S. 358, 368 (1970). On appeal, S.L. argues that the evidence was insufficient to support the adjudication of delinquency beyond a reasonable doubt. If so,

2

his adjudication of delinquency must be set aside. *See* TENN. R. APP. P. 13(e); *State v. Roberts*, 106 S.W.3d 658, 662-63 (Tenn. Ct. App. 2002).

A finding of guilt "destroys the presumption of innocence and imposes a presumption of guilt." *State v. Wilson*, 211 S.W.3d 714, 718 (Tenn. 2007). So, on appeal, "the defendant has the burden of illustrating why the evidence is insufficient." *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997). The State is entitled to "the strongest legitimate view of the evidence" and "all reasonable and legitimate inferences which may be drawn" from the evidence. *State v. Davis*, 354 S.W.3d 718, 729 (Tenn. 2011) (citations omitted). We do not reweigh the evidence "or substitute [our] inferences for those drawn by the trier of fact." *State v. Smith*, 24 S.W.3d 274, 279 (Tenn. 2000). "Questions concerning the credibility of witnesses, the weight to be given the evidence, and factual issues raised by the evidence are resolved by the trier of fact." *State v. Majors*, 318 S.W.3d 850, 857 (Tenn. 2010).

Evidence is sufficient if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *accord State v. Parker*, 350 S.W.3d 883, 903 (Tenn. 2011). The standard of review "is the same whether the conviction is based upon direct or circumstantial evidence." *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (citations omitted).

A.

Rape of a child "is the unlawful sexual penetration of a victim by the defendant . . . , if the victim is more than three (3) years of age but less than thirteen (13) years of age." Tenn. Code Ann. § 39-13-522(a) (2014). And, as relevant here, incest occurs when the defendant "engages in sexual penetration . . . with a person, knowing the person to be . . . [t]he [defendant's] brother or sister of the whole or half-blood or by adoption." *Id.* § 39-15-302(a)(2) (2014). "Sexual penetration" is defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion . . . of any part of [the defendant's] body . . . into the genital or anal openings of the victim's." *Id.* § 39-13-501(7) (2014).

Here, Jane testified that S.L. sexually penetrated her. The State played a tape of the interview Jane gave at New Hope Children's Advocacy Center, which corroborated her testimony. Dr. Christensen's examination of Jane revealed that both of Jane's labia "had significant bruising" and were "very red and swollen" on the outside. There were also fresh abrasions and blood on the inside of her labia. Jane's hymen "did not appear intact," and her rectum was "swollen and red." Dr. Christensen's diagnosis was "sexual molestation of a child." Jane was nine years old, and she is S.L.'s sister of the half-blood and by adoption.

3

S.L. argues that no forensic evidence connected him to the alleged crimes. Jane was sure that she bled on the underwear, shorts, pillows, and comforter collected by Detective Folmar. But DNA tests revealed no blood of Jane's on any of the items. And the swabs obtained by Dr. Christensen did not indicate the presence of semen. Even so, "forensic evidence is not required to establish proof of rape." *State v. Jones*, No. W2015-01646-CCA-R3-CD, 2016 WL 7468210, at *4 (Tenn. Crim. App. Dec. 28, 2016). The evidence "may be sufficient to sustain a conviction for rape of a child when the only evidence is the testimony of the victim." *Id.*; *see State v. Smith*, 42 S.W.3d 101, 106 (Tenn. Crim. App. 2000) (reasoning that "there is no requirement that the victim's testimony be corroborated").

S.L. also argues that Jane's credibility "was severely undercut" because she remembered bleeding on the items collected for evidence, yet no blood was found. Still, the circuit court credited Jane's testimony. We do not reassess credibility determinations on appeal. *See Majors*, 318 S.W.3d at 857. A rational trier of fact could find beyond a reasonable doubt that S.L. committed rape of a child and incest.

## III.

In the light most favorable to the State, the evidence is sufficient to support the circuit court's finding that S.L. committed rape of a child and incest. So we affirm the adjudication of delinquency.

           _s/ W. Neal McBrayer_____
            W. NEAL MCBRAYER, JUDGE